| UNITED STATES DISTRICT COURT | |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |

------------------------------------- x

TOWN OF CORTLANDT,

        Petitioner/Landlord,

  -against-

PATRICK GARVEY,

        Respondent.

------------------------------------- x

MEMORANDUM DECISION AND ORDER

16 Civ. 9674 (GBD)

GEORGE B. DANIELS, United States District Judge:

  Petitioner Town of Cortlandt ("the Town") initially filed this action against Patrick Garvey in the Town of Cortlandt Justice Court, County of Westchester. On December 15, 2016, Garvey, a *pro se* litigant ("Respondent"), removed this action to federal court. (Notice of Removal, ECF No. 1.) On December 21, 2016, this Court remanded the action to state court for lack of subject matter jurisdiction because the underlying state recovery petition failed to allege or raise a federal question. (ECF No. 4, the "Remand Order.")[1]

---

[1] In the state court action, the Town sought possession of a property and the removal from said property of the Riveredge Owners' Association and other individual tenants, including Patrick Garvey. The Town initially filed the state court action against the Riveredge Owners' Association and other tenants, and that action was subsequently removed to federal court. (*See Riveredge Owners' Association, et al., v. Town of Cortlandt Inc., et al.*, 16-cv-5665.) The Town also filed individual state court actions against each tenant and those actions were also removed to federal court. (*See* 1:16-cv-08489-GBD, 1:16-cv-08491-GBD, 1:16-cv-08488-GBD, 1:16-cv-08492-GBD, 1:16-cv-09675-GBD, 1:16-cv-5665-GBD, 1:16-cv-08493-GBD.) Solely for the purpose of remand, this Court accepted the individual cases as related to *Riveredge Owners' Association, et al., v. Town of Cortlandt Inc., et al.*, 16-cv-5665.

The Town moved to remand the *Riveredge Owners' Association* case back to state court. This Court adopted Magistrate Judge Cott's Report and Recommendation (the "Report") remanding the case because plaintiffs lacked standing and authority to remove the action and failed to allege or raise a federal question over which this Court could assert subject-matter jurisdiction. (*See* 16-cv-5665, ECF No. 59.) Procedural and factual background information is set forth in greater detail in the Report.

Now before this Court is Respondent's motion to vacate the Remand Order and to reinstate the case. (ECF No. 5, "Mot. to Vacate.") The motion is DENIED.

## I. FRAUD ON THE COURT

Respondent's allegations of a fraud on the court are without merit. Respondent alleges that counsel for the Town also represented the former officers of Riveredge Owner's Association ("ROA") in a related case, and such representation created a conflict of interest. (Mot. to Vacate at 4-6.) The Notice of Appearance filed by the Town's counsel in the related case does not state that counsel represents any of the former officers of the ROA. (*See Riveredge Owners' Association, et al., v. Town of Cortlandt Inc., et al.*, 16-cv-5665, ECF No. 4.) Town counsel readily admits that the former officers' names were included in the notice caption in error. (*See* Opp'n to Mot. to Vacate, ECF No. 6, at 2.)[2]

## II. NEW EVIDENCE

Respondent further alleges that after the Remand Order, he discovered new evidence that establishes further proof of fraud. (Mot. to Vacate at 4; *see also* Reply to Opp'n to Mot. to Vacate ("Reply"), ECF No. 8, at 1-2.) According to Respondent, based on the ROA's application for a Westchester County Department of Health Sanitation permit that was issued in December 2015, Respondent learned that the ROA still operates the mobile home park. (Mot. to Vacate at 4.) Respondent alleges that Petitioner fraudulently named in its petition a fictitious ROA that was

---

[2] Respondent also alleges that counsel for the Town "provided a false written statement . . . stating that Garvey was falsely instructed to serve copies of the [ROA's] Removal Notice." (Mot. to Vacate at 2.) "The essence of fraud on the court is 'when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process.'" *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393-94 (S.D.N.Y. 2010) (internal citations omitted). Respondent's allegations do not give rise to such a claim.

2

established 20 days after the petition was filed, not the appropriate ROA operating the park. (Reply at 2.)

As Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986) (internal citations omitted). In order to gain relief under Rule 60(b)(2), the movant must show that: "(1) the newly discovered evidence is of facts that existed at the time of trial; (2) the movant was justifiably ignorant of them despite due diligence; (3) the evidence is admissible and of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching." *Berry v. Dep't of Corr.,* No. 93 CIV 6448 BSJ, 2004 WL 287666, at *3 (S.D.N.Y. Feb. 11, 2004) (internal citation omitted). Assuming *arguendo* that the new evidence Respondent puts forth is accurate, such evidence would not have changed the outcome of this Court's Remand Order because none of these allegations confer federal question jurisdiction on this Court.

### III. CONCLUSION

Respondent's motion to vacate is DENIED.[3] The Clerk of Court is directed to close the motion at ECF No. 5.

Dated: New York, New York
June 6, 2017

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] The individual tenants in the related cases filed letter motions to vacate the Remand Order based on the alleged new evidence obtained by Garvey. (*See* 1:16-cv-08489-GBD, ECF No. 12; 1:16-cv-08491-GBD, ECF No. 12; 1:16-cv-08488-GBD, ECF No. 15; 1:16-cv-08492-GBD, ECF No. 12; 1:16-cv-09675-GBD, ECF No. 7; 1:16-cv-5665-GBD, ECF No. 62.) For the same reasons stated herein, these motions are also denied.

3